Cross J., delivered the opinion of the court. James Spencer and Sarah Spencer, his wife, brought an action on the case for slanderous words spoken, against John Oarlock, the appellant, in the Madison circuit court, and in their declaration, containing several counts, charge him with having spoken and published “of and concerning the said Sarah, the false, scandalous and malicious words following, that is to say, she (meaning the said Sarah Spencer) swore a lie.” Oarlock in his defence, after pleading the general issue, filed two pleas of justification to which a demurrer was sustained, and the first question presented grows out of this decision of the court sustaining the demurrer. It is contended that, although the words as laid may be in themselves actionable, as there is no averment of special damage, or allegation that they were spoken in reference to a judicial or legal proceeding, the declaration is defective and should have been so adjudged upon the demurrer. It is clear that the sufficiency of the declaration was fairly in question upon the demurrer to the pleas of justification. The rule is well established that upon a demurrer to a plea in bar the court will see that there is a good declaration. Baldwin vs. Cross, 5 Ark. R. 510. It is equally clear that in the case of words not in themselves actionable, it was necessary prior to the act of the Legislature, approved Dec. 13,1837, to aver special damage, or to lay them with a colloquium. By the rules of the common law, where a person charged another with swearing a lie, or being foresworn &c. an averment of special damage or colloquium concerning a judicial proceeding &c. is held to be essential. See 6 Bac. Abr. 207, title Blander, letter B. 2 Bibb’s R. 319. The distinction seems to be that where the natural consequence of the words spoken is a damage, or if they contain an imputation of a crime liable to punishment, they are actionable and neither a colloquium or the averment of special damage is necessary. 6 Bac. 205. 3 Bos. fy Bid. 374. The rules of the common law, however, so far as the question before us is concerned, ceased to exist in this state with the passage of the act of 1837, which expressly provides that “it shall be actionable to charge any person with swearing falsely, or with having sworn false, or to use, utter or publish words of, to, or concerning any person, which in their common acceptation amount to such a charge, whether the words be spoken in a conversation of and concerning a judicial proceeding or not.” See Rev. Stat. 729. The obvious design of the legislature by this provision was the suppression of verbal slander in a greater variety of forms than as the law then stood, and at the same time to simplify the means of redress. Under its operation, in the case of slanderous words which it embraces, there would be no necessity for proof that they were “ spoken in a conversation of and concerning a judicial proceeding,” nor would it be necessary to prove special damage, and hence the averment of either the one or the other would be mere surplusage.’ In the .case before us, the words laid in the declaration are, we think, fully within the meaning of the provision referred to. are in them selves actionable under its operation and no colloquium was necessary. The next question presented is whether the court erred in per-initting a witness to give the substance of a conversation without giving the language used by the defendant. From a bill of exceptions taken on the trial and composing a part of the transcript of the record, it appears that two witnesses only were examined. The-first established the speaking of the words substantially as laid in the declaration, and the second on his examination stated “that said defendant had told him that plaintiff', Sarah, had sworn a lie, but does not recollect whether it was in twelve months next before the commencement of this suit — that afterwards, he thinks in July last, he held a conversation with defendant in regard to other matters in which allusion was made to the first conversation.” At this stage of the testimony, the bill of exceptions shows that an objection was interposed by the appellant on the ground that the witness should give the language and not its substance, which objection was overruled by the court, and the witness went on to state “that he could not recollect the precise language and could not give the substance but that it related to the first conversation.” This being all the testimony given by the witness, it could not possibly have had, as we conceive, any influence upon the minds of the jury prejudicial to the defendant, ,and hence the decision of the court, whether right or wrong, constitutes no just ground for a reversal of the judgment. Another bill of exceptions taken on the trial of the cause shows that after closing the evidence the appellant by his attorney asked the court to instruct the jury, first, generally, as to the law applicable to the case which was done accordingly, and secondly, “that if they believed from the evidence that the words proven implied that the plaintiff Sarah was guilty of perjury, but if they find also from the evidence that in the same conversation other words were added showing that no perjury could have been committed in the matter alluded to, they may find for the defendant.” These instructions were also given, but on the motion of the plaintiff in the action the court instructed further that .they were “an abstract preamble of law” and their relevancy not perceptible, — thus withdrawing in effect the instructions previously moved and given. This it is contended was also error. On examination of the testimony asset out in the bill of exceptions, we concur in opinion with the circuit court that there is nothing to which they would very appropriately' apply, but were it otherwise the matter to which they refer wifs not in issue by the pleadings nor was it at all material. The error, if any, consisted as we think in giving the instructions, not their withdrawal. So far as the verdict is concerned it is assigned for error “that the circuit court upon the mere finding of the jury that the defendant spoke and published the .words in the within declaration' specified, proceeded to render final judgment for the damages found without any finding of the intent or motive with which1 the words were spoken.” Malice we think is clearly implied in the verdict as found. The words alleged to have been spoken were actionable,the plea not guilty,- and the verdict “that the defendant spoke and-published, the words in the declaration specified.” It is objected further that the “ judgment is rendered for all the costs of the case expended, when it should have been for all of the costs of the plaintiffs, in this behalf, expended.” The language of the judgment must be understood to embrace all the costs only to: which the plaintiffs in the action were entitled. Such we under-stand to have been the principle settled in the case of Brown’s Ad. vs. Hill &c. 5 Art R. 78. It may be proper to remark that' we have not deemed it necessary to allude particurlarly to the pleas of justification, as there has been" no attempt to sustain them. We have no doubt, however, but that the same formality is required in justifying that existed prior to the passage of the act of 1837. Under the view presented it only remains to add that the judgment of the circuit court must be: affirmed with costs.-